UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| George A. Astolas, | : | Case No. 1:06CV1759 |
| Plaintiff | : | Judge Christopher A. Boyko |
| v. | : | Magistrate Judge David S. Perelman |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claims for disability benefits, (DIB), 42 U.S.C. §§416, 423 and supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in his favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on February 11, 2003, alleging an onset date of December 15, 1999. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "Heart trouble (just started) over ative [sic], hyperative [sic] thyroid since 90's and back and rt. knee" and "out of breath all the times and I shit 20 times a day."

Upon denial of plaintiff's claims on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested. Evidentiary hearing, at which plaintiff

was represented by counsel, was held on November 23, 2005. Also testifying at that proceeding were a medial advisor, Dr. Richard Watts,[1] and a vocational expert, Mr. Bartelle Anderson.

At the outset of the hearing, in response to the question from the ALJ "What severe impairments are we contending this morning?," plaintiff's counsel stated "We're contending a severe impairment of heart disease, specifically an ongoing problem with atrial fibrillation even though he's had a pacemaker installed, also psychiatric problems by way of depression. And according to Dr. Smith, what I read this morning, personality disorder as well, also at least to some degree of arthritis in the low back and hands."

In his testimony the plaintiff maintained that he suffers from physically limiting conditions, and also testified that he suffers from depression and anger management which effects his relationships with other people, although stating that if he takes prescribed medications "I seem all right."

On January 17, 2006 the ALJ entered his opinion denying plaintiff's claims. That decision became defendant's final determination upon denial of review by the Appeals Council on June 13, 2006. The ALJ's Findings, which represent the rationale of decision, were:

    1.    The claimant met the disability insured status requirements of the Act on December 15, 1999, the date the claimant stated he became unable to work, and continued to meet them through March 31, 2005.

    2.    The claimant has not engaged in substantial gainful activity since December 15, 1999.

    3.    The medical evidence establishes that the claimant has severe atrial fibrillation, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

---

[1] Dr. Watts is board certified in general medicine and cardiology.

4. The medical evidence in this case documents the existence of impairments that could reasonably be expected to produce symptoms shortness of breath. However, the claimant's allegations of the intensity, persistence, and functionally limiting effects of the symptoms are not substantiated by the objective medical evidence in the case record.

5. The claimant has the residual functional capacity to lift, carry, push and pull 25 pounds occasionally and frequently. He has not limitations with sitting, standing and walking. He can occasionally climb stairs, balance, kneel, crouch and crawl and can never climb ladders, ropes or scaffolds. He must avoid concentrated exposure to vibrations or hazards such as machinery and heights. He must also avoid concentrated exposure to odors, dusts, gases and fumes. He is limited to simple, repetitive tasks and only minimal interaction with the public and co-workers and must avoid all work around magnetic fields.

6. The claimant has the residual functional capacity for a reduced range of light work (20 CFR §§404.1567 and 416.967).

7. The claimant is 51 years old, considered closely approaching advanced age. He is considered a younger individual at his alleged onset date and his application date (20 CFR §§404.1563 and 416.963).

8. The claimant has a GED, considered a high school education (20 CFR §§404.1564 and 416.964).

9. The claimant is not able to perform his past relevant work. (20 CFR §§404.1565 and 416.965).

10. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 and Rules 202.13 and 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

11. Considering the claimant's additional nonexertional limitations within the framework of the above-cited rule, he can be expected to make a vocational adjustment to work which exists in significant numbers in the national economy.

12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(a)(4)(v) and 416.920(a)(4)(v)).

On this appeal plaintiff does not challenge the ALJ's determination as to his physical capabilities. The only issue presented concerns the ALJ's failure to find that the plaintiff suffers from a severe mental/emotional impairment.

The concept of a "severe impairment" does not appear in the Social Security Act itself. It arises from the Social Security regulations, where it is addressed in a somewhat reverse manner, see, 20 CFR §§404.1520, 404.1521 (disability regulations) and §§416.920, 416.921 (SSI regulations).

What is commonly referred to as the "sequential evaluation" procedure is set out at section 404.1520[2] as follows:

> **Evaluation of disability in general**
>
> **(a)** **Steps in evaluating disability.** We consider all material facts to determine whether you are disabled. When you file a claim for a period of disability and/or disability insurance benefits or for child's benefits based on disability, we use the following evaluation process. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider the effect of your physical or mental impairment; if you have more than one impairment, we will also consider the combined effect of your impairments. Your impairment(s) must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity, your past work, and your age, education, and work experience. If we can find that you are disabled or not disabled at any point in the review, we do not review your claim further. Once you have been found entitled to disability benefits, we follow a somewhat different order of evaluation to determine whether your entitlement continues, as

---

[2]The SSI regulation, §416.920, is essentially the same.

explained in §404.1594(f)(6).

**(b)** **If you are working.** If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

**(c)** **You must have a severe impairment.** If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

**(d)** **When your impairment(s) meets or equals a listed impairment in Appendix 1.** If you have an impairment(s) which meets the duration requirement and is listed in Appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.

**(e)** **Your impairment(s) must prevent you from doing past relevant work.** If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

**(f)** **Your impairment(s) must prevent you from doing any other work.** **(1)** If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled. **(2)** If you have only a marginal education, and long work experience (i.e., 35 years or more) where you only did arduous unskilled physical labor, and you can no longer do this kind of work, we use a different rule (see §404.1562).

It must be noted that subsection (a) of the sequential evaluation procedure quite clearly separates the questions of the severity of the impairment and the duration of the impairment. That being so, any determination that an impairment was not severe, so as to not satisfy the third step of the procedure, must rest upon the nature of the impairment itself, and independent consideration given to the issue of duration.

Sections 404.1521 and 416.921 are captioned "What We Mean By An Impairment That Is Not Severe".  They provide:

    **(a)**     **Non-severe impairment.** An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

    **(b)**     **Basic work activities.** When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include:

    (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

    (2) Capacities for seeing, hearing, and speaking;

    (3) Understanding, carrying out, and remembering simple instructions;

    (4) Use of judgment;

    (5) Responding appropriately to supervision, co-workers and usual work situations; and

    (6) Dealing with changes in a routine work setting.

The validity of the "severe impairment" step of the Secretary's sequential evaluation procedure was upheld by the Supreme Court in Bowen v. Yuckert,  482 U.S. 137 (1987).  Therein the Supreme Court essentially adopted the approach taken by the Sixth Circuit in Salmi v. Secretary of Health and Human Services, 774 F.2d 685 (6th Cir. 1985); Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985); Mowery v. Heckler, 771 F.2d 966 (6th Cir. 1985); and Gist v. Secretary of

Health and Human Services, 736 F.2d 352 (6th Cir. 1985)--that the "severe impairment" step applies only in those instances in which the claimant suffers from an impairment which is of a "de minimis" nature. As articulated by the Sixth Circuit in Salmi:

> ...An impairment qualifies as non-severe only if the impairment would not affect a claimant's ability to work regardless whether the claimant was sixty years old or only twenty-five, whether the claimant has a sixth grade education or a master's degree, whether the claimant was a brain surgeon, a factory worker, or a secretary. We hold that an impairment qualifies as non-severe only if, regardless of a claimant's age, education, or work experience, the impairment would not affect the claimant's ability to work.

774 F.2d at 691-692.

This Court believes that plaintiff's position is sound.

In October 2003 the plaintiff was evaluated by a clinical psychologist, Dr. Ronald Smith, upon referral of the Social Security authorities. Dr. Smith assigned the plaintiff a GAF of 54, connoting "moderate symptoms," which include "conflicts with peers or co-workers." He further stated that the plaintiff's "ability to maintain concentration and attention would appear to be fair except when his anger is aroused which could be fairly frequently. His ability to follow simple one or two step job instructions is likely to be poor on the basis of his dislike for authority and his readiness to pick a fight. His ability to relate to the public, co-workers, supervisors would be poor for the same reasons." Clearly, all of these shortcomings would impact the plaintiff's ability to work.

The plaintiff was assigned an even lower GAF in August 2005 by a mental health counselor[3] he was seeing at the VA facility where he received his primary care. That rating was 50, which is in the category of "serious symptoms," which include "unable to keep a job."

There is no reasoned explanation in the ALJ's decision for his failure to find that the plaintiff

---

[3]While the assessment was made by a clinical social worker it was approved by a psychiatrist.

suffers from a mental/emotional impairment that would be considered as "severe," within the context of the plaintiff's claim of disability.[4]

As this flaw in the ALJ's decision undermines the ability to find that the defendant's final determination is supported by substantial evidence, it is recommended that the final determination be reversed and this matter remanded pursuant to the fourth sentence of 42 U.S.C. §405(g) for a new hearing, at which the subject of the plaintiff's mental status can be given proper consideration, and a new decision base thereon.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:    June 27, 2007

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[4] It would be sheer speculation to assume that the ALJ might have done so based upon the plaintiff's testimony that his depression and anger can be controlled through his medications, which testimony appears to be quite dubious in light of his medical history at the VA facility.

8